David H. Krieger, Esq.
Nevada Bar No. 9086
KRIEGER LAW GROUP LLC
500 N. Rainbow Blvd., Suite 300
Las Vegas, NV 89107
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Shaina R. Plaksin, Esq.
Nevada Bar No. 13935
KNEPPER & CLARK LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148-7700
Phone: (702) 856-7430
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: shaina.plaksin@knepperclark.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LAURA MARSCHECK, <br><br> PLAINTIFF, <br><br> v. <br><br> THE RETAIL EQUATION, <br><br> DEFENDANT. | Civil Action No.: <br><br> **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

1

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction because this case arises out of violations of federal law. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F. Supp. 2d 941, 946 (D. Nev. 2011).

2. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").

3. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in Clark County, the State of Nevada and because Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada as it conducts business there. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. Plaintiff Laura Marscheck ("Plaintiff") is a natural person residing in the County of Clark, State of Nevada. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant The Retail Equation ("Retail Equation") regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Retail Equation is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f). Retail Equation does business in Nevada, and has its principal place of business in California.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

2

# FACTUAL ALLEGATIONS

### *Statutory Background*

7. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the FCRA to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

8. The FCRA protects consumers through a tightly wound set of protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

9. Furthering the FCRA's goal of accuracy, a consumer may dispute the accuracy or completeness any item of information appearing in their file. 15 U.S.C. 1681i(a). Once notified of a dispute, a reporting agency must notify the source of information, who must

      in turn conduct an investigation of the disputed item pursuant to Section[1] 1681s-2(b). The reporting agency must timely notify the disputing consumer regarding the results of its reinvestigation.

10. As part of its affirmative obligations to ensure the accuracy of its reported data, the consumer reporting agencies are also required to adopt "reasonable procedures designed to ensure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). This includes, *inter alia*, Section 1681c(a)(5)'s prohibition on including in any consumer report any "adverse item of information . . . which antedates the report by more than seven years,"[2] as well as an affirmative obligation to only accept and report information from third parties whose data is reliable.

11. In the Ninth Circuit, it is not necessary for a report to be actually published to a third party to trigger Section 1681e(b) liability. *See Ramirez v. TransUnion LLC*, No. 17-17244, 2020 WL 946973, at *9-13 (9th Cir. Feb. 27, 2020).

12. The FCRA also entitles the consumer to take an active role in the protection of his or her sensitive personal information, by giving the consumer a right to request "[a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1).[3] Disclosure of complete information in a consumer's file permits the consumer to determine whether any

---

[1] Unless otherwise noted, herein, all references to "Section," are to the sections or subsections of United States Code Chapter 15.
[2] *See also Moran v. Screening Pros,* LLC, 943 F.3d 1175 (9th Cir. Nov. 21, 2019).
[3] This requirement is subject to exceptions in Sections 1681h(a)(1) and 1681g(a)(1)(A)-(B), which are not relevant here.

information is inaccurate, as well as protect a consumer's privacy. *See* 15 U.S.C. § 1681a(d)(2)(A)(iii); 1681b(c).

13. Specifically, and pursuant to Section 1681g, when a CRA discloses to a consumer that consumer's file, the disclosure must "clearly and accurately" reflect all the information in that consumer's file at the time of the disclosure. 15 U.S.C. § 1681g(a)(1). Information which is either unclear or inaccurate violates the statute and creates liability. *See Leoni v. Experian Information Solutions, Inc.*, No. 17-cv-1408-RFB-VCF, 2019 WL 4866118, at *4 (D. Nev. Sept. 26, 2019).

14. The Ninth Circuit evaluates the clarity and accuracy of a disclosure by recourse to how an average consumer would view them. *See Shaw v. Experian Information Solutions, Inc.*, 891 F.3d 749 (9th Cir. 2018). "File," is explicitly defined in the FCRA, and when applied to consumers, means, "all of the information on that consumer and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). The Ninth Circuit has defined "file" as all information the CRA maintains on a consumer that has been, or might be, included in a consumer report on that consumer. *See Shaw*, 891 F.3d at 759-60.

15. Disclosure furthers the FCRA's privacy policies by providing a consumer the opportunity to self-police their reported information for fraud, as well as to determine whether that consumer should exercise their rights to refuse to permit a company to share data between its affiliate companies, as well as to opt out of receipt of promotional mailings. *See* 15 U.S.C. §§ 1681a(d)(2)(A)(iii); 1681b(c).

16. The scope of a consumer report is broad.[4] Section 1681a(d) defines a consumer report, in part, as a communication from a CRA

> bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, or personal characteristics which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) *any other purpose authorized under section 1681b* . . . .

15 U.S.C. § 1681a(d). Section 1681b(a)(2) provides that a consumer report is, *inter alia*, a document provided "in accordance with the written instructions of the consumer to whom it relates." Similarly, Section 1681i(a)(6)(B)(ii) requires a CRA to provide a consumer with a "consumer report" following any reinvestigation of any item of information on the consumer's file disputed by the consumer, so long as the CRA does not find the dispute frivolous.[5]

17. In addition to ensuring accuracy, Congress also enacted the FCRA to protect consumer privacy. Section 1681b provides an exhaustive list of permissible circumstances under which a third party may access a consumer report from a consumer reporting agency. Section 1681b(f) prohibits the use and obtaining of consumer reports "for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance

---

[4] *See Reynolds v. Hartford Financial Services Group*, 435 F.3d 1081, 1094 (9th Cir. 2006), *rev'd on other grounds*, 551 U.S. 47 (2007).
[5] *See* 15 U.S.C. § 1681i(a)(3).

6

with Section 1681e of this title by a prospective user of the report through a general or specific certification."

18. A CRA is obligated to follow reasonable policies and procedures when it permits disclosure of consumer reports pursuant to the exclusively enumerated permissible purposes under 15 U.S.C. § 1681e(a), and to ensure that consumer reports are not furnished to persons it has reasonable grounds to believe will not use the consumer report for a permissible purpose. If a CRA has "reasonable grounds" to believe that information will not be used for a permissible purpose, it must not furnish a report to that third party. 15 U.S.C. § 1681e(a). Pursuant to *Pintos v. Pacific Creditor's Ass'n*, however, to avoid liability, a CRA must do more than claim reliance on a third party's "general promise to obey the law." 605 F.3d 665, 675-76 (9th Cir. 2009).

19. Third parties are also under an obligation to procure consumer reports for specific permissible purposes only. A third party who procures a consumer reports without a permissible purpose is liable for violations of Section 1681b(f); further, Section 1681q provides that procuring a consumer report under false pretenses carries civil and criminal penalties.

20. In the Ninth Circuit, a consumer need not allege the specific purpose a third party had to procure credit. *See Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 493-95 (9th Cir. 2019).

///

///

# RETAIL EQUATION FCRA VIOLATIONS

*Retail Equation Violates FCRA Sections 1681i (Count 1), 1681e(b) (Count 2), and 1681g(a) (Count 3)*

21. Retail Equation obtains data from major U.S. retailers for use in consumer reports related to a consumer who either makes a purchase at a retail location or seeks to return an item already purchased. The products and services Retail Equation offers its retail clients include consumer reports and information designed to determine whether (1) a particular consumer's return is fraudulent, abusive, or otherwise should not be honored; and (2) conversely, whether "good" customers should be rewarded with incentives. These products constitute "consumer reports" under the FCRA.

22. On October 25, 2019, pursuant to Plaintiff's request and Section 1681g, Retail Equation made a Section 1681g disclosure to her of the information in its files (the "Retail Equation Disclosure"). However, upon information and belief, the Retail Equation Disclosure contained inaccurate information and material omissions that violated the FCRA.

23. Specifically, Retail Equation failed to disclose any third-party inquiries into Plaintiff's consumer report thus violating FCRA Section 1681g(a)(3). Also, Plaintiff has never provided her consent for Retail Equation to obtain any information from stores she patronized, and she was never notified that any of these stores would be sharing her information with Retail Equation.

24. The Retail Equation Disclosure included a Return Activity Report ("RAR") for Michaels that listed a return on April 9, 2013. However, Plaintiff did not return any items from Michaels at or about that time.

25. On or about November 13, 2019, a written dispute letter was sent from Plaintiff in which Plaintiff disputed Retail Equation's failure to list inquiries on her Disclosure and the inaccurate RAR for Michaels.

26. Retail Equation was required to conduct a reinvestigation into these specific disputes on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

27. On or about December 17, 2019, Plaintiff received a letter from Retail Equation, explaining that it did not maintain any record of "inquiries." The Retail Equation letter further explained that it had no duty to reinvestigate Plaintiff's claims.  The letter stated, in part: "To the extent that your correspondence noted any perceived errors with the data you received, The Retail Equation has forwarded your correspondence to the appropriate retailer."  Retail Equation therefore refused to perform a reinvestigation that would have required verification from the furnisher and updating Plaintiff's consumer file accordingly, thus violating its duties to do so under 15 U.S.C. § 1681i(a)(6).

28. A reasonable investigation by Retail Equation should have disclosed any inquiries and provided the results of Retail Equation's reinvestigation into the RAR for Michaels.  Had Retail Equation conducted a reinvestigation into the disputed RAR for Michaels, then a reasonable investigation by Retail Equation would have resulted in the deletion of the inaccurate April 9, 2013 return listing.

29. Retail Equation failed to review all relevant information provided by Plaintiff in the dispute to Retail Equation, as required by and in violation of 15 U.S.C. § 1681i(a).

30. Retail Equation, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681i(a).

9

31. Due to Retail Equation's failure to reasonably investigate Plaintiff's dispute, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i, thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681e(b).

32. Failing to report and/or rereport the inaccuracies also constituted a violation of 15 U.S.C. § 1681g(a) because the lack of clarity and numerous omissions in the information reported and rereported has the tendency to confuse ordinary consumers like Plaintiff.

33. Retail Equation's continued incomplete and inaccurate reporting was willful, as Retail Equation's conduct in reporting and failing to inform Plaintiff of any inquiries about her and failing correct the Michaels RAR inaccuracy ran an unreasonably high risk of violating clear statutory guidance. Plaintiff is, accordingly, eligible for statutory damages against Retail Equation. *See* 15 U.S.C. § 1681n.

34. Also as a result of Retail Equation's statutory violations, Plaintiff has also suffered actual damages. Specifically, she has lost time, along with incurring out-of-pocket expenses in the form of transportation costs. Plaintiff has also suffered emotional distress in the form of privacy loss, stress, and worrying. *See* 15 U.S.C. § 1681o.

35. Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and she is entitled to recover reasonable attorney's fees and costs. *See* 15 U.S.C. §§ 1681n, 1681o.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant on Counts 1-3:

**FIRST CAUSE OF ACTION
VIOLATION OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 18, 2020

Respectfully submitted,

/s/ David H. Krieger, Esq.
David H. Krieger, Esq.
KRIEGER LAW GROUP LLC
500 N. Rainbow Blvd., Suite 300
Las Vegas, NV 89107

Matthew I. Knepper, Esq.
Shaina R. Plaksin, Esq.
KNEPPER & CLARK LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148-7700

Attorneys for Plaintiff